JOURNAL ENTRY AND OPINION
Ottis Purser appeals from a judgment of the common pleas court finding him to be a sexual predator following his guilty plea to six counts of rape. On appeal, he urges the court failed to provide him notice of the date, time and location of the sexual predator hearing as required by R.C. 2950.09(B)(1) and therefore, he claims the court erred in labeling him as a sexual predator. After reviewing this case, we have determined the court failed to properly notify him of the date, time and location of the hearing in accordance with R.C. 2950.09(B)(1) and, therefore, in conformity with State v. Gowdy (2000), 88 Ohio St.3d 387, we are constrained to vacate the sexual predator classification and to remand the matter to the court with instructions to conduct another classification hearing with proper advance notice given to the parties.
The record here reveals that on August 27, 1998, the grand jury returned an indictment against Purser for twelve counts of rape, twelve counts of gross sexual imposition, twelve counts of felonious sexual penetration and twelve counts of kidnapping for engaging in sexual activity with his stepdaughter, Veronica Criswell, a second grade student. On the day of trial, Purser pled guilty to six counts of rape without the age specification and in conformity with its plea agreement, the state nolled the remaining counts. The court, after accepting the plea, announced the sentencing hearing would be held on April 7, 1999, but never mentioned or referred to the sexual predator hearing.
On April 7, 1999, prior to imposing sentence, the prosecutor requested that the court conduct a sexual predator hearing. At that time, defense counsel did not object, and the prosecutor and defense attorney presented arguments regarding whether Purser should be classified as a sexual predator. At that hearing, Veronica Criswell, her mother, Mrs. Katowski, her uncle, Mr. Paul Katowski, and Purser all made statements to the court. Thereafter, the court classified Purser as a sexual predator by clear and convincing evidence, relying on the following statutory factors: that at the time of the offense, Criswell had been seven or eight years old, that Purser had been in a position of authority because Criswell is his stepdaughter, and that he engaged in a pattern of abuse. The court also stated that he would likely engage in a sexually oriented offenses in the future.
Purser now appeals, setting forth two assignments of error for our review. The first states:
I.
 THE TRIAL COURT ERRED IN HOLDING THE HEARING TO DETERMINE THE STATUS OF THE APPELLANT PURSUANT TO OHIO REVISED CODE SECTION 2950.09 ON APRIL 7, 1999.
Purser maintains the court denied his due process rights by failing to give him notice of the date, time, and location of the sexual predator hearing.
Contrawise, the state urges that the court provided notice when it announced the sentencing date; further, the state argues that Purser did not object to the lack of notice at the time of the sexual predator hearing and therefore, has waived that issue on appeal.
Thus, we are concerned with whether the court complied with R.C. 2950.09 and provided Purser notice of the sexual predator hearing.
R.C. 2950.09(B)(1) states in relevant part:
 * * * The court shall give the offender and the prosecutor who prosecuted the offender for the sexually oriented offense notice of the date, time, and location of the hearing. * * *.
In State v. Jones (September 30, 1999), Cuyahoga App. No. 74503, unreported, our court, after concluding that the trial court failed to give advance notice of the sexual predator classification hearing, vacated that determination and remanded the matter for a new hearing with notice. Similarly, several courts have held that notice of a sentencing hearing does not meet the R.C. 2950.09(B)(1) requirement to give notice of a sexual predator classification hearing. See State v. Higgenbotham (March 21, 2000), Belmont App. No. 97 BA 70, unreported, State v. Thomas (August 10, 1999), Meigs App. No. 98CA16, unreported, and State v. Ramsey (December 22, 1997), Clermont App. No. 97-03-025.
Notably, the dispositive authority on this subject is State v. Gowdy (2000), 88 Ohio St.3d 387, where the court considered a case involving procedural facts strikingly similar to those present here. In Gowdy, the trial court scheduled the sentencing hearing but never referenced the sexual predator classification hearing; the Supreme Court rejected the analysis of the Court of Appeals that failure to give that notice had not prejudiced Gowdy. The Supreme Court stated that the notice provision of R.C.2950.09(B)(1) demands strict compliance, and considered the same issue we confront in this case: whether the failure of defense to object to the lack of notice and his subsequent participation in the classification hearing constituted a waiver of the right to raise the issue on appeal. After noting that sexual predator classification hearings are civil in nature, and after considering that the plain error doctrine is generally not favored in civil cases and may only be applied in extremely rare instances, the court determined that Gowdy did indeed involve such exceptional circumstances. The court stated in its syllabus:
 The notice requirement for sexual offender classification hearings under R.C. 2950.09(B)(1) is mandatory.
Accordingly, as we are constrained to follow Gowdy, we have determined that this assignment of error is well taken, and we therefore vacate the judgment classifying Purser as a sexual predator and remand the matter for a rehearing upon proper notice to all parties as mandated by R.C. 2950.09.
Based on our resolution of this assignment of error, the remaining assignments are moot and we need not consider them. See App.R. 12(A)(1)(c).
Judgment of the sexual predator classification is hereby vacated; matter remanded for rehearing on that issue with prior notice to all parties.
It is, therefore, considered that said appellant recover of appellee his costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
KENNETH A. ROCCO, J., and PATRICIA A. BLACKMON, J., CONCUR
TERRENCE O'DONNELL, PRESIDING JUDGE